Jerry Ray WILLIAMS *v.* STATE of Arkansas

CR 86-207                                        724 S.W.2d 158

Supreme Court of Arkansas
Opinion delivered February 16, 1987

256

*Appellant*, pro se.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

PER CURIAM. Jerry Ray Williams pleaded guilty in July 1983 to burglary and theft of property. He was sentenced to a term of twenty years imprisonment with ten years suspended. In 1984, he filed a petition to withdraw the plea pursuant to Criminal Procedure Rule 37 on the grounds that he was not sane when the plea was entered and that counsel was ineffective for not investigating whether insanity was a defense to the charges

against him. Appellant was subsequently permitted by the court to withdraw the petition. In August 1986, petitioner filed a petition to correct illegal sentence pursuant to Ark. Stat. Ann. § 43-2314 (Supp. 1985). He again alleged that he had been incompetent. The court treated the petition as a second petition for postconviction relief and denied it.

After the elapse of 120 days from the date of judgment, Ark. Stat. Ann. § 43-2314 (Supp. 1985) provides a remedy only when a sentence is illegal on its face. *Abdullah* v. *State*, 290 Ark. 537, 720 S.W.2d 902 (1986). There was nothing presented by appellant to demonstrate that his sentence was illegal. Since appellant stated no ground for relief within the purview of the statute, the trial court could have denied the petition on that ground. The trial court, however, did not choose to treat the petition under Ark. Stat. Ann. § 43-2314. Instead, the trial court denied the petition on the ground that petitioner had already filed a petition for postconviction relief and further that the second petition was not filed within three years of the date of commitment.

It may be assumed that the court had reference to Rule 37.2(c) which provides that all grounds for relief must be raised within three years of commitment, unless some ground would render the judgment absolutely void. It appears from the record that appellant pleaded guilty in July 1983, but the judgment was not entered of record until August 25, 1983. Therefore, the petition filed on August 14, 1986 was filed within three years.

The trial court may treat a petition which raises Rule 37 grounds as a petition under the rule regardless of the label placed on it by the petitioner, *see Walker* v. *State*, 283 Ark. 339, 676 S.W.2d 460 (1984); but once the trial court treats the petition as a Rule 37 petition, it will be considered as such by this court on appeal. As the petition here was not untimely, we find that appellant is entitled to appointment of counsel. Jerry Cavaneau is appointed counsel on this appeal.

This case provides an illustration of the similarities and differences between the provisions of Ark. Stat. Ann. § 43-2314 (Supp. 1985) and Criminal Procedure Rule 37. Both remedies permit correction of an illegal sentence, but under § 43-2314 the petition for relief is always filed directly in the trial court even if

the judgment has been affirmed on appeal. Under Rule 37, a petitioner whose judgment has been affirmed must be granted permission from this court before he can file a petition in circuit court. Where there has been no appeal, the petitioner may of course proceed directly in circuit court without seeking this court's permission.

The time period in which relief may be sought represents another difference between the two remedies. A petition pursuant to Criminal Procedure Rule 37 must be filed within three years of the date of commitment, unless some ground for relief would render the judgment of conviction absolutely void. Rule 37.2(c). Ark. Stat. Ann. § 43-2314 will permit a petition to correct an illegal sentence at any time. We have construed an "illegal sentence" to be a sentence illegal on its face. *Abdullah* v. *State, supra.* The statute is not available to correct a sentence if the sentence was imposed before the statute became law in 1983. *Abdullah* v. *State, supra.* A sentence which was imposed in an illegal manner may be corrected within 120 days after it was imposed or within 120 days of receipt by the circuit court of a mandate issued upon affirmance of the judgment or dismissal of the appeal or within 120 days after the entry of any order or judgment of this court or the Court of Appeals denying review of, or having the effect of upholding, the judgment. Rule 37 offers a remedy within three years of the date of commitment regardless of when the sentence was imposed, or at any time if there is a ground to void the judgment absolutely.

Despite the overlapping provisions of Rule 37 and the statute, the rule and statute are separate. Circuit judges are not required to consider a petition filed under the statute as a petition under Rule 37. If the trial court concludes that the petitioner has simply mislabeled the petition, it may treat the petition as a Rule 37 petition regardless of the title given it by the petitioner. If the trial court chooses to treat a motion labeled a motion to correct illegal sentence under Ark. Stat. Ann. § 43-2314 as a Rule 37 petition, the court should so state in its order to prevent confusion. *See Walker* v. *State, supra.*

Motion granted.