Robert Eugene JOHNSON *v.* STATE of Arkansas

CR 90-201                                    798 S.W.2d 108

Supreme Court of Arkansas
Opinion delivered November 5, 1990

*Appellant*, pro se.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

PER CURIAM. The appellant Robert Eugene Johnson was convicted on January 15, 1988, of burglary and misdemeanor theft of property. He was sentenced as an habitual offender to thirty years imprisonment. The Court of Appeals affirmed. *Johnson* v. *State*, 26 Ark. App. 220, 762 S.W.2d 804 (1989). The mandate was issued on January 31, 1989. On May 8, 1990, appellant filed a petition to correct sentence pursuant to Ark. Code Ann. § 16-90-111 (1987), alleging that the sentence imposed on him was illegal because it was not ordered served consecutively to sentences imposed for prior felony convictions. The trial court denied the petition, and the appellant has lodged the record on appeal. He now seeks appointment of counsel.

The motion is denied and the appeal is dismissed because there is clearly no merit to the appeal. We will not appoint counsel to continue with an appeal which cannot prevail. *See Glick* v. *Lockhart*, 288 Ark. 417, 706 S.W.2d 178 (1986).

Arkansas Code Annotated 16-90-111 (1987) provides that the circuit court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within one-hundred-twenty days after the sentence was imposed or within one-hundred-twenty days after receipt of a mandate issued upon affirmance of the judgment or dismissal of an appeal of the judgment. Appellant here did not file his petition in the trial court within one-hundred-twenty days of either the date the sentence was imposed or the date the mandate was received upon affirmance. After a lapse of one-hundred-twenty days of the date sentence was imposed or the mandate was received, a sentence may be modified under the statute only if the sentence is illegal on its face. *Williams* v. *State*, 291 Ark. 255, 724 S.W.2d 158 (1987); *Abdullah* v. *State*, 290 Ark. 537, 720 S.W.2d 902 (1986). Appellant's contention that his sentence should have been ordered served consecutively to other sentences was not sufficient to show that the judgment entered against him was illegal on its face. As appellant failed to file a timely petition under the rule, he was not entitled to any relief in the trial court.

Motion denied and appeal dismissed.