Edward Allen CHAMBERS *v.* STATE of Arkansas

CR 90-242                                   803 S.W.2d 932

Supreme Court of Arkansas
Opinion delivered February 25, 1991

664

*Appellant*, pro se.

*Ron Fields*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

PER CURIAM. The appellant Edward Chambers was found guilty by a jury on May 6, 1987, of aggravated robbery with a deadly weapon and sexual abuse in the first degree. He was sentenced as a habitual offender to consecutive terms of life and thirty years imprisonment. We affirmed. *Chambers* v. *State*, CR 87-144, (December 14, 1987). Appellant subsequently filed a petition for post-conviction relief in this court pursuant to Criminal Procedure Rule 37. The petition was denied. *Chambers* v. *State*, CR 87-144, (February 8, 1988). Appellant also filed a petition for writ of habeas corpus in the trial court which was denied. The denial of relief was affirmed by this court. *Chambers* v. *State*, CR 90-54, (June 4, 1990).

On June 26, 1990, appellant filed in the trial court a petition for reduction of sentence pursuant to Ark. Code Ann. § 16-90-111 (Supp. 1989). In the petition he alleged that (1) the sentence imposed for sexual abuse was excessive, and thus illegal, because he had not been convicted of four prior felonies as the state contended at trial; (2) he was arrested illegally; (3) there was no probable cause to charge him with aggravated robbery; (4) the evidence was insufficient to establish sexual abuse; and (5) he was not afforded effective assistance of counsel at trial. The trial court

noted that although the petition was styled a petition for reduction of sentence, it asserted the same issues raised in earlier pleadings under Criminal Procedure Rule 37. The court denied the petition as untimely. Appellant now seeks appointment of counsel.

■ The motion is denied and the appeal dismissed because it is clear that there was no merit to the petition filed in the trial court. This court· has consistently held that counsel will not be appointed to pursue a meritless appeal. *Johnson* v. *State*, 303 Ark. 560, 798 S.W.2d 108 (1990); *Williams* v. *State*, 293 Ark. 73, 732 S.W.2d 456 (1987) and *Glick* v. *Lockhart*, 288 Ark. 417, 706 S.W.2d 178 (1986).

■ As the appellant raised issues which were cognizable under Criminal Procedure Rule 37, the trial court was entitled to treat the allegations under Rule 37. *Williams* v. *State*, 291 Ark. 255, 724 S.W.2d 158 (1987). We agree with the trial court that, considered under Criminal Procedure Rule 37, the petition was untimely. Where a petitioner raises no issue which, if found meritorious, would render his conviction absolutely void, a Rule 37 petition is untimely if not filed within three years of the date of judgment. Rule 37.2(c); *Maxwell* v. *State*, 298 Ark. 329, 767 S.W.2d 303 (1989). The allegations in the petition filed in trial court were not sufficient to establish that the judgment was void. Moreover, Rule 37.2(b) provides that all grounds for relief available to a petitioner under the rule must be raised in his original petition unless the original petition was denied without prejudice to filing a second petition. Appellant did not receive permission to file a subsequent Rule 37 petition. Thus, the petition was not only untimely but also subject to dismissal as an unauthorized second petition.

■■ Furthermore, even if the petition filed in the trial court were considered under Ark. Code Ann. § 16-90-111 (Supp. 1989), which provides a means to correct an illegal sentence, the petition was untimely. The statute provides a narrow remedy whereby the trial court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within one-hundred-twenty days after the sentence was imposed or within one-hundred-twenty days after receipt by the trial court of a mandate issued upon affirmance of the judgment or dismissal

of the appeal. The mandate issued upon affirmance in this case on January 4, 1988. Appellant did not file his petition in the trial court until 1990, which was more than one-hundred-twenty days after the mandate issued. After the one-hundred-twenty days period for filing a petition elapses, relief is not available under the statute unless the petitioner demonstrates that the sentence imposed was illegal on its face. *Williams*, 291 Ark. 255, 724 S.W.2d 158; *Abdullah* v. *State*, 290 Ark. 537, 720 S.W.2d 902 (1986). As the allegations of error raised in the trial court were not sufficient to establish that the judgment was illegal on its face, the petition could have been dismissed if treated as a petition pursuant to Ark. Code Ann. § 16-90-111.

Motion denied and appeal dismissed.