William C. HICKSON *v.* STATE of Arkansas

CR 93-1212                                          875 S.W.2d 492

Supreme Court of Arkansas
Opinion delivered May 2, 1994

*Bryant & Henry*, by: *Barry A. Bryant*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, William C. Hickson, appeals the denial by Miller Circuit Court of his request to be present for the hearing on his motion for order of delivery. Appellant also appeals the subsequent denial of his petition to correct sentence. This case presents another issue as well: the interplay of Ark. R. Crim. P. 37 and Ark. Code Ann. § 16-90-111 (1987) and their conflicting time limitations when one petitions for post-conviction relief. This court has jurisdiction since a sentence of more than thirty years was imposed.

Appellant was convicted of two counts of second degree murder and one count of first degree battery. After the jury returned its verdict, the court asked in counsels' and defendant's presence whether there was any reason sentence should not be imposed at that time. Both counsel replied that there was none, though the defendant himself did not reply. Sentence was then imposed.

Subsequently, appellant filed a motion asking to be present when his petition to correct sentence was heard asserting he had this right under the Ark. Const. art. 2, § 10 and Ark. Code Ann. § 16-90-106 (1987). After a hearing on this matter, it was denied. The petition to correct sentence was later denied, the sole issue being whether appellant had been given his right of allocution at trial. This appeal resulted, and we dismiss the appeal as untimely.

■■■ The state argues that the petition for correction of sentence was untimely. Specifically, all parties including the court appeared to have proceeded under the statutory allowance of correction of sentence which permits 120 days within which to file a petition. Appellant filed his petition citing this statutory rule. The state argues the corresponding rule in Ark. R. Crim. P. 37.2(c) requires this petition to be submitted within sixty days of the affirming mandate. The state submits that the procedural rule is paramount and should act as a bar to this petition, citing *State v. Sypult*, 304 Ark. 5, 800 S.W.2d 402 (1990). We agree. The pertinent wording in subsection (b) of Rule 37.2 makes this clear:

All grounds for post-conviction relief from a sentence imposed by a circuit court, including claims that a sentence is illegal or was illegally imposed, must be raised in a petition under this rule.

Statutes are given deference only to the extent that they are compatible with our rules, and conflicts which compromise these rules are resolved with our rules remaining supreme. *Sypult*, 304 Ark. 5, 800 S.W.2d 402. This rule of criminal procedure is therefore controlling. Appellant's petition for post-conviction relief is untimely. Since the petition is untimely, appellant's other argument regarding his presence at the hearing is moot.

Appeal dismissed.

HAYS, J., concurs.