Ronnie REED v. STATE of Arkansas

CR 94-375                                    878 S.W.2d 376

Supreme Court of Arkansas
Opinion delivered June 6, 1994

*Appellant*, pro se.

No response.

Per Curiam. In 1991 appellant Ronnie Reed was found guilty by a jury of delivery of a controlled substance and sentenced to 100 years imprisonment. We affirmed. *Reed* v. *State*, 312 Ark. 82, 847 S.W.2d 34 (1993). Appellant subsequently filed in the trial court a *pro se* petition pursuant to Criminal Procedure Rule 37. An order was entered denying the petition. An appeal of the order was not perfected.

In September and November 1993, appellant filed *pro se* petitions to correct the sentence imposed pursuant to Ark. Code Ann. § 16-90-111 (Supp. 1991). The petitions were denied, and the record has been lodged in this court on appeal. Appellant now seeks access to the transcript.

■ The motion is denied and the appeal dismissed as it is clear that the appellant could not prevail on appeal. This court has consistently held that an appeal of the denial of post-conviction relief will be dismissed where it is clear that the appeal is wholly without merit. *Chambers* v. *State*, 304 Ark. 663, 803 S.W.2d 932 (1991); *Johnson* v. *State*, 303 Ark. 560, 798 S.W.2d 108 (1990); *Williams* v. *State*, 293 Ark. 73, 732 S.W.2d 456 (1987).

■ The petitions to correct sentence were untimely. Criminal Procedure Rule 37.2 (b) provides in pertinent part that all grounds for post-conviction relief, *including claims that a sentence is illegal or illegally imposed*, must be raised in a petition under Rule 37. Statutes are given deference only to the extent that they are compatible with our rules, and conflicts which compromise these rules are resolved with our rules remaining supreme. *Hickson* v. *State*, 316 Ark. 783, 875 S.W.2d 492 (1994).

■ Arkansas Code Annotated § 16-90-111 (Supp. 1991) which permits the trial court to correct a sentence imposed in an illegal manner within 120 days after receipt of the affirming mandate of the appellate court and which permits an illegal sentence to be corrected at any time is in conflict with Criminal Procedure Rule 37. Criminal Procedure Rule 37.2 (c) provides that a petition under the rule is untimely if not filed within sixty days of issuance of the appellate court's mandate affirming the judgment of conviction. The time limitations imposed in Rule 37 are jurisdictional in nature, and the circuit court may not grant relief on a untimely petition. *Maxwell* v. *State*, 298 Ark. 329, 767 S.W.2d 303 (1989). As appellant did not file his petitions to correct the sentence imposed on him within the time limit set by Rule 37, the petitions were untimely and he was not entitled to relief in circuit court.

Motion denied and appeal dismissed.