Harvey HARRIS *v.* STATE of Arkansas

CR 94-634                                   887 S.W.2d 514

Supreme Court of Arkansas
Opinion delivered November 7, 1994

Pro se.

No response.

PER CURIAM. In 1993 Harvey Harris was found guilty by a jury of two counts of delivery of a controlled substance. He was sentenced to two terms of twenty years imprisonment to be served consecutively. We affirmed. *Harris* v. *State*, 315 Ark. 398, 868

S.W.2d 58 (1993). On April 13, 1994, Harris filed in the trial court a *pro se* petition pursuant to Ark. Code Ann.§ 16-90-111 (Supp. 1991) claiming the sentences were illegal in that the trial court should not have ordered them served consecutively. The trial court denied the petition, and Harris has filed the record in this court on appeal. He now seeks appointment of counsel. The motion is denied as it is clear that appellant Harris could not prevail in the appeal because the petition to correct sentence was untimely. *See Chambers* v. *State*, 304 Ark. 663, 803 S.W.2d 932 (1991); *Johnson* v. *State*, 303 Ark. 560, 798 S.W.2d 108 (1990); *Williams* v. *State*, 293 Ark. 73, 732 S.W.2d 456 (1987).

Criminal Procedure Rule 37.2 (b) provides in pertinent part that all grounds for post-conviction relief, *including claims that a sentence is illegal or illegally imposed*, must be raised in a petition under Rule 37. Statutes are given deference only to the extent that they are compatible with our rules, and conflicts which compromise these rules are resolved with our rules remaining supreme. *Reed* v. *State*, 317 Ark. 286, 878 S.W.2d 378 (1994); *Hickson* v. *State*, 316 Ark. 783, 875 S.W.2d 492 (1994).

Arkansas Code Annotated § 16-90-111 (Supp. 1991) which permits the trial court to correct a sentence imposed in an illegal manner within 120 days after receipt of the affirming mandate of the appellate court and which permits an illegal sentence to be corrected at any time is in conflict with Criminal Procedure Rule 37. Criminal Procedure Rule 37.2 (c) provides that a petition under the rule is untimely if not filed within sixty days of issuance of the appellate court's mandate affirming the judgment of conviction. The mandate in the instant case was issued on January 7, 1994, but the petition to correct the sentences imposed was not filed until April 13, 1994, which was more than sixty days from the date of the mandate. The time limitations imposed in Rule 37 are jurisdictional in nature, and the circuit court may not grant relief on an untimely petition. *Maxwell* v. *State*, 298 Ark. 329, 767 S.W.2d 303 (1989). As Rule 37 controls and appellant did not file his petition to correct the sentences imposed on him within the time limit set by Rule 37, the petition was untimely and he was not entitled to relief in circuit court.

Motion denied.