Michael Thomas HAMILTON *v.* STATE of Arkansas

CR 95-1300                                    918 S.W.2d 113

Supreme Court of Arkansas
Opinion delivered March 4, 1996

*Mac J. Carder*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

PER CURIAM. In 1993 appellant Michael Thomas Hamilton was found guilty of manslaughter and sentenced to a term of ten years imprisonment. We affirmed. *Hamilton v. State*, 320 Ark. 346, 896 S.W.2d 877 (1995). The mandate of this court was issued on May 19, 1995. On August 1, 1995, seventy-four days after the mandate was issued, appellant filed in the trial court a petition for reduction of sentence pursuant to Ark. Code Ann. § 16-90-111 (b) (1) (Supp. 1993). The petition was denied, and the record has been lodged on appeal. The appellee seeks by motion to have the appeal dismissed on the ground that the petition filed in the trial court was untimely.

■ The motion is granted and the appeal dismissed as it is clear that the appellant could not prevail on appeal. This court has consistently held that an appeal of the denial of post-conviction relief will be dismissed where it is clear that the appeal is wholly without merit. *Chambers v. State*, 304 Ark. 663, 803 S.W.2d 932 (1991); *Johnson v. State*, 303 Ark. 560, 798 S.W.2d 108 (1990); *Williams v. State*, 293 Ark. 73, 732 S.W.2d 456 (1987).

■ Criminal Procedure Rule 37.2 (b) provides in pertinent part that *all* grounds for post-conviction relief from a sentence imposed by a circuit court must be raised in a petition under Rule 37. Arkansas Code Annotated § 16-90-111 (Supp. 1993) is in conflict with Criminal Procedure Rule 37 in that it permits claims for post-conviction relief to be raised under the statute. The statute permits a circuit court to reduce a sentence within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment of conviction. In contrast, Criminal Procedure Rule 37.2 (c) provides that a petition under the rule is untimely if not filed within sixty days of the date the mandate was issued by the appellate court affirming the judgment.

■■ Statutes are given deference only to the extent that they are compatible with our rules, and conflicts which compromise these rules are resolved in favor of our rules. *Reed v. State*, 317 Ark. 286, 878 S.W.2d 378 (1994), citing *Hickson v. State*, 316 Ark. 783, 875 S.W.2d 492 (1994); *see also Petree v. State*,

323 Ark. 570, 920 S.W.2d 819 (July 10, 1995; motion requesting publication of Per Curiam opinion granted September 11, 1995). The time limitations imposed in Rule 37 are jurisdictional in nature, and the circuit court may not grant relief on a untimely petition for post-conviction relief. *Maxwell v. State*, 298 Ark. 329, 767 S.W.2d 303 (1989). As appellant did not file his petition for post-conviction relief within the sixty-day period set by Rule 37 to file such a petition, the petition was untimely. *Smith v. State*, 321 Ark. 195, 900 S.W.2d 939 (1995).

Motion granted; appeal dismissed.