William L. SEATON *v.* STATE of Arkansas

CR 96-65                             920 S.W.2d 13

Supreme Court of Arkansas
Opinion delivered April 22, 1996

Appellant, *pro se*.

No response.

PER CURIAM. On May 12, 1995, judgment was entered reflecting that William L. Seaton had entered a plea of nolo contendere to four counts of sexual abuse and been sentenced to an aggregate term of twenty years' imprisonment. On September 11, 1995, Seaton filed in the trial court a pro se petition pursuant to Criminal Procedure Rule 37 to vacate the judgments. The trial court denied the petition, and appellant Seaton has lodged the record in this court on appeal. He now seeks by motion appointment of counsel.

■ The motion is denied and the appeal dismissed. It is clear that the appellant could not prevail on appeal because the Rule 37 petition filed in the trial court was not timely. This court has consistently held that an appeal of the denial of postconviction relief will not be permitted to go forward where it is clear that the appeal is wholly without merit. *See Chambers* v. *State*, 304 Ark. 663, 803 S.W.2d 932 (1991); *Johnson* v. *State*, 303 Ark. 560, 798 S.W.2d 108 (1990); *Williams* v. *State*, 293 Ark. 73, 732 S.W.2d 456 (1987).

■ Criminal Procedure Rule 37.2 (b) provides that a petition under the rule is untimely if not filed within ninety days of the date judgment was entered after a plea of guilty. The ninety-day period for filing petitions also applies to pleas of nolo contendere. The plea of nolo contendere to a charge in a criminal case is an admission of guilt in the criminal case. *See Patterson* v. *Odell*, 322 Ark. 394, 909 S.W.2d 648 (1995), citing *Hudson* v. *U.S.*, 272 U.S. 451 (1926). Criminal Procedure Rule 24, Rule 25, and Rule 26, which govern pleas of guilty and nolo contendere, make no distinction between the pleas for the purposes of the rule. *See Ashby* v. *State*, 297 Ark. 315, 761 S.W.2d 912 (1988). A judgment founded on a plea of nolo contendere may be challenged in a proceeding under our postconviction rule. *See Cusick* v. *State*, 259 Ark. 720, 536 S.W.2d 119 (1976).

■ Here, judgment was entered on May 5, 1995, but the petition for postconviction relief was not filed until September 11, 1995, which was more than four months after the judgment was

entered. The time limitations imposed in Rule 37 are jurisdictional in nature, and the circuit court may not grant relief on an untimely petition for postconviction relief. *Maxwell* v. *State*, 298 Ark. 329, 767 S.W.2d 303 (1989). As the appellant did not file his petition for postconviction relief within the ninety-day period set by Rule 37 to raise such claims, he was entitled to no relief under the rule. *Smith* v. *State*, 321 Ark. 195, 900 S.W.2d 939 (1995).

Motion denied and appeal dismissed.