James Ken ANDERSON *v.* STATE of Arkansas

CR 02-1175                    98 S.W.3d 403

Supreme Court of Arkansas
Opinion delivered February 13, 2003

*Appellant,* pro se.

No response.

P ER CURIAM. In 1992, James Ken Anderson entered a plea of guilty to murder in the second degree and was sentenced to eleven years' imprisonment. On July 23, 2001, Anderson filed a *pro se* petition for writ of error *coram nobis* in the trial court. He later amended the petition to allege that he was entitled to a writ of *habeas corpus* on the ground that he was actually innocent of the offense. The petition was denied after a hearing, and petitioner Anderson has appealed to this court. Now before us are a series of motions filed by appellant.

■ The appeal is dismissed as it is clear that the appellant could not prevail on appeal. The motions are moot. This court has consistently held that an appeal of the denial of postconviction relief will not be permitted to go forward where it is clear that the appellant could not prevail. *Pardue v. State*, 338 Ark. 606, 999 S.W.2d 198 (1999); *Seaton v. State*, 324 Ark. 236, 920 S.W.2d 13 (1996); *Harris v. State*, 318 Ark. 599, 887 S.W.2d 514 (1994); *Reed v. State*, 317 Ark. 286, 878 S.W.2d 376 (1994); *see Chambers v. State*, 304 Ark. 663, 803 S.W.2d 932 (1991); *Johnson v. State*, 303 Ark. 560, 798 S.W.2d 108 (1990); *Williams v. State*, 293 Ark. 73, 732 S.W.2d 456 (1987).

■■ It was adduced at the hearing on appellant's petition that he was released from custody in 1997, having completed his sentence.[1] (He was subsequently convicted in Miller County of second-degree murder and sentenced to a term of forty years' imprisonment.) Thus, when appellant filed his petition in 2001 challenging the 1992 conviction, he was not in custody as a result of that judgment of conviction even though that judgment was used to enhance the later sentence. When a court finds cause to grant a writ of error *coram nobis*, the remedy is a new trial. *Penn v. State*, 282 Ark. 571, 670 S.W.2d 426 (1984). Inasmuch as appellant had already served the sentence imposed, his petition is moot and a new trial would not have been an appropriate remedy even if there were cause to grant the writ with respect to his 1992 conviction.

---

[1] The eleven-year sentence was considered completed in 1997 as a result of the accumulation by appellant of credits against the sentence such as "good time."

■ ■    Likewise, appellant's request that a writ of *habeas corpus* be issued on the basis that he was actually innocent of the offense of which he was convicted in 1992 was also moot. As stated, appellant was not incarcerated as a result of the 1992 judgment; therefore, a writ of *habeas corpus* could not be issued to obtain his release from custody arising from that judgment. An issue is moot when any judgment rendered would have no practical legal effect upon an existing legal controversy. *Bohanan v. State*, 336 Ark. 367, 985 S.W.2d 708 (1999).

Appeal dismissed; motions moot.

IMBER, J., not participating.