Melchizedek SHABAZZ *v.* STATE of Arkansas

CR 04–1026                                    199 S.W.3d 77

Supreme Court of Arkansas
Opinion delivered December 2, 2004

*Appellant*, pro se.

No response.

PER CURIAM. On September 17, 2002, judgment was entered reflecting that Melchizedek Shabazz had pleaded guilty or *nolo contendere* to three counts of delivery of a controlled substance for which an aggregate sentence of forty years' imprisonment was imposed.

Shabazz appealed the judgment to the court of appeals. The state filed a motion to dismiss the appeal on the ground that Ark. R. Crim. P. 24.3(b) (2003) provides that "[w]ith the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional plea of guilty . . . reserving in writing the right, on appeal from the judgment, to review an adverse determination of a pretrial motion to suppress evidence." The state asserted that while the parties in the trial court appeared to have agreed that petitioner could enter a conditional plea, the plea did not meet the requirements of Rule 24.3(b) and thus the judgment was not appealable. The court of appeals granted the motion and dismissed the appeal on June 11, 2003.

On August 11, 2003, petitioner filed in the trial court a *pro se* petition for postconviction relief pursuant to Criminal Procedure Rule 37.1 challenging the judgment. The petition was dismissed on August 20, 2003, on the ground that it was not timely filed. Petitioner did not file a timely notice of appeal from the order, and he now seeks leave to proceed with a belated appeal pursuant to Ark. R. App. P.–Crim. 2(e).

We need not consider petitioner's reasons for failing to perfect an appeal because it is clear from the record that the trial court did not err when it ruled that the petition was untimely. This court has consistently held that a postconviction matter will not be permitted to go forward where it is clear that the petitioner could not prevail. *Seaton v. State*, 324 Ark. 236, 920 S.W.2d 13 (1996);

Harris v. State, 318 Ark. 599, 887 S.W.2d 514 (1994); Reed v. State, 317 Ark. 286, 878 S.W.2d 376 (1994); Chambers v. State, 304 Ark. 663, 803 S.W.2d 932 (1991); Johnson v. State, 303 Ark. 560, 798 S.W.2d 108 (1990); Williams v. State, 293 Ark. 73, 732 S.W.2d 456 (1987).

█ Criminal Procedure Rule 37.2(c) provides in pertinent part that a petition attacking a judgment entered on a plea of guilty or nolo contendere is untimely if not filed within ninety days of the entry of judgment pursuant to the plea of guilty. The ninety-day period to file a petition under Criminal Procedure Rule 37.1 expired in petitioner's case on December 16, 2002. Petitioner did not file his petition for postconviction relief until August 11, 2003, making the petition late. As the time limitations imposed in Criminal Procedure Rule 37 are jurisdictional in nature, the circuit court could not grant relief on an untimely petition and petitioner was thus procedural barred from proceeding under the rule. Maxwell v. State, 298 Ark. 329, 767 S.W.2d 303 (1989).

█ The fact that petitioner chose to proceed with an invalid appeal of the judgment does not alter the requirements of the rule. While Rule 37.2(c) provides that a petition filed within sixty days of the dismissal of an appeal from the judgment is timely, the rule applies to valid appeals. As stated, the appeal that petitioner filed in the court of appeals was not from an appealable judgment.

█ Petitioner argues that it was his attorney's error that caused him to pursue an invalid appeal, and thus he should not be penalized for the failure to file a timely Rule 37.1 petition. The argument must fail because the filing of a timely petition is a jurisdictional requirement.

Motion denied.