Joe MORGAN *v.* STATE of Arkansas

CR 04-1088                                    200 S.W.3d 890

Supreme Court of Arkansas
Opinion delivered January 6, 2005

*Appellant,* pro se.

No response.

PER CURIAM. On December 8, 2003, judgment was entered reflecting that Joe Morgan had entered a plea of guilty to rape and sexual assault in the first degree. An aggregate sentence of 60 years' imprisonment was imposed. On February 25, 2004, Morgan filed in the trial court a petition for postconviction relief pursuant to Criminal Procedure Rule 37.1, challenging the judgment.[1] The petition was denied on June 18, 2004.

Although Rule 37.2(d) precludes the filing of a motion for reconsideration following the denial of a Rule 37.1 petition, Morgan filed a motion for modification of the order on June 29, 2004. On July 28, 2004, he filed a notice of appeal. On August 2, 2004, the court denied the motion for modification of the June 18, 2004, order. Morgan filed a second notice of appeal on August 8, 2004, and lodged an appeal here from both the June 18, 2004, and August 2, 2004, orders. He subsequently filed a series of motions.

The appeal is dismissed and the motions are declared moot because appellant could not prevail on appeal. First, the notice of appeal filed on July 28, 2004, was not timely with respect to the June 18, 2004, order. Secondly, while the notice of appeal filed on August 8, 2004, was timely with respect to the August 2, 2004, order, Rule 37.2(d), as stated, does not allow for a petition to modify an order, and appellant was accordingly entitled to no relief on the motion.

This court has consistently held that an appeal of the denial of postconviction relief will not be permitted to go forward where it is clear that the appellant could not prevail. *Seaton v. State,* 324 Ark. 236, 920 S.W.2d 13 (1996); *Harris v. State,* 318 Ark. 599, 887 S.W.2d 514 (1994); *Reed v. State,* 317 Ark. 286, 878 S.W.2d 376

---

[1] The petition was labeled "amended petition," but it does not appear from the record that a prior petition had been filed.

(1994); *see Chambers v. State*, 304 Ark. 663, 803 S.W.2d 932 (1991); *Johnson v. State*, 303 Ark. 560, 798 S.W.2d 108 (1990); *Williams v. State*, 293 Ark. 73, 732 S.W.2d 456 (1987).

It may be that appellant was relying on the "deemed denied" provision of Ark. R. App. P.—Civ. 4(c), applicable to criminal appeals through Ark. R. App. P.—Crim. 2(a)(3), to render the notice of appeal filed on August 8, 2004, timely as to both orders entered, but that appellate rule does not apply to Rule 37 appeals. *See Chavis v. State*, 328 Ark. 251, 253, 942 S.W.2d 853, 854 (1997) (citing *Dodson v. State*, 326 Ark. 637, 934 S.W.2d 198 (1996)).

Appeal dismissed; motions moot.