James Harless JOHNSON *v.* STATE of Arkansas

CR 05-506                                    208 S.W.3d 783

Supreme Court of Arkansas
Opinion delivered May 26, 2005

*Bruce Buck*, Public Defender, for appellant.

No response.

PER CURIAM. On September 3, 1999, judgment was entered reflecting that James Harless Johnson had been found guilty by a jury of two counts of rape, two counts of sexual abuse in the first degree, and misdemeanor terroristic threatening in the second degree. An aggregate sentence of 600 months' imprisonment was imposed. The court of appeals affirmed. *Johnson v. State*, 71 Ark. App. 58, 25 S.W.3d 445 (2000). The court of appeals' mandate was issued October 3, 2000.

On August 26, 2002, Johnson filed in the trial court a petition for postconviction relief pursuant to Criminal Procedure Rule 37.1. In 2004, Johnson sought a writ of mandamus in this court on the ground that the court had failed to act in a timely manner on the Rule 37.1 petition. After the mandamus petition was filed, the trial court appointed counsel for Johnson. The mandamus petition was ultimately declared moot after the court entered an order denying postconviction relief because Johnson had failed to file the Rule 37.1 petition within the time limits set by Rule 37.2(c). *Johnson v. Putman*, CR 04-1313 (Ark. March 10, 2004).

Johnson filed a timely *pro se* notice of appeal from the order, and the record has been lodged here on appeal. Bruce Buck, the public defender appointed by the trial court to represent appellant Johnson in the Rule 37.1 proceeding, now asks to be relieved as counsel. The motion to this court is necessary because pursuant to Ark. R. App. P. — Crim. 16 once a notice of appeal is filed, only the appellate court can relieve counsel. Rule 16 applies to appeals from adverse orders in proceedings under Rule 37.1.

*Miller v. State*, 299 Ark. 548, 775 S.W.2d 79 (1989); *see Thomas v. State*, 335 Ark. 262, 983 S.W.2d 122 (1998).

■ We grant counsel's motion to be relieved and dismiss the appeal because it is clear that appellant could not prevail on appeal. As a result, we need not address counsel's contention that Ark. Code Ann. § 16-87-306 (Supp. 1999) precludes a trial court's appointing a public defender to represent the petitioner in a Rule 37.1 proceeding in the trial court or an appeal from an adverse order . This court has consistently held that an appeal from the denial of postconviction relief will not be permitted to go forward where it is clear that the appellant could not prevail. *Pardue v. State*, 338 Ark. 606, 999 S.W.2d 198 (1999) *(per curiam)*; *Seaton v. State*, 324 Ark. 236, 920 S.W.2d 13 (1996) *(per curiam)*; *Harris v. State*, 318 Ark. 599, 887 S.W.2d 514 (1994) *(per curiam)*; *Reed v. State*, 317 Ark. 286, 878 S.W.2d 376 (1994) *(per curiam)*.

■ Claims for postconviction relief from a judgment of conviction must be raised in a petition under the rule filed in the trial court within sixty days of the date the mandate was issued following affirmance of the judgment. Rule 37.2(c). The time limits set out in Rule 37.2 are jurisdictional in nature, and the circuit court may not grant relief on an untimely petition for postconviction relief. *Maxwell v. State*, 298 Ark. 329, 767 S.W.2d 303 (1989) *(per curiam)*. Appellant did not file his petition under the rule until approximately twenty-three months after the mandate was issued in his case; accordingly, the court did not err when it denied the petition as untimely filed.

Motion granted; appeal dismissed.

IMBER, J., not participating.