Henry Jay BUNCH *v.* STATE of Arkansas

CA CR 05-726 228 S.W.3d 534

Court of Appeals of Arkansas
Opinion delivered February 15, 2006

*Marianne L. Hudson*, Public Defender, for appellant.

*Mike Beebe*, Ark. Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

TERRY CRABTREE, Judge. A jury sitting in Washington County found appellant Henry Jay Bunch guilty of aggravated robbery, three counts of attempted capital murder, felon in possession of a firearm, theft by receiving, possession of methamphetamine, possession of pseudoephedrine with intent to manufacture methamphetamine, and simultaneous possession of drugs and a firearm. Appellant was sentenced by the trial court to thirty years in prison for aggravated robbery, which was run consecutively to concurrent sentences totaling forty years for the remaining offenses, except that the twenty-five year sentence for simultaneous possession of drugs and a firearm was to run consecutively to all the other sentences, for a total of ninety-five years in prison. Appellant raises two issues on appeal. He contends that the trial court erred in failing to merge the aggravated robbery sentence into one of the counts for attempted capital murder. He also contends that the trial court erred

by failing to instruct the jury that he would be eligible for parole after serving seventy-percent of his sentence for aggravated robbery. We affirm as modified.

On November 14, 2004, appellant was suspected of shoplifting from the Wal-Mart store in Fayetteville. Appellant was confronted outside the store by two employees, manager Nathan Skelton, and Jarrod Nelson, the loss prevention officer. Appellant ran from them, but the employees tackled appellant and pinned him to the ground. Skelton let go of appellant's arms so that he could use his cell phone to call for additional help. As he did so, Skelton heard a loud pop and then felt something jabbing him in the stomach. Seeing that it was a gun, Skelton quickly rolled away. Nelson thought that Skelton had been shot, and he continued to struggle with appellant, trying his best to keep his finger behind the trigger to prevent appellant from firing the gun. As they scuffled, appellant put the gun to Nelson's head and also to his chest, saying "I'm going to get you," and "Do you want some of this"? Nelson managed to fling the gun out of appellant's hand, and then he retreated behind a pick-up truck. Appellant retrieved the gun and fired two shots at Nelson before running away.

The police had arrived by this time and Officer Thomas Reed chased after appellant. During the chase, appellant turned and fired a single shot at Reed. A short time later appellant was found hiding behind a bush at a nearby house. Appellant was wearing two pairs of pants. The legs of the inside pair of pants were tied at the ankles with speaker wire. Numerous packages of pseudoephedrine were stuffed inside the inner pair. A baggie containing methamphetamine and a .38 revolver were found. It was later determined that the revolver had been reported as stolen.

Appellant first argues that the trial court erred in denying his motion to set aside the conviction for aggravated robbery. This argument is based on the supreme court's decision in *Flowers v. Norris*, 347 Ark. 670, 68 S.W.3d 289 (2002). In that case, Flowers had been convicted of aggravated robbery, kidnaping, and attempted capital murder. Aggravated robbery and kidnaping were the underlying felonies used to support the conviction for attempted capital murder, and Flowers argued that double jeopardy precluded his being convicted and sentenced for those offenses along with attempted capital murder. The supreme court agreed, holding that because the State was required to establish the elements of one underlying felony in order to convict the appellant of attempted capital murder, it was error for the court to convict

and sentence the appellant for attempted capital murder and both of the underlying felonies. The court thus modified the judgment of conviction to merge the kidnaping conviction with the conviction for attempted capital murder.

The court's decision was based on its interpretation of Ark. Code Ann. § 5-1-110(d)(1) (Repl. 1997), which was amended in 1995 to authorize, among other things, separate convictions and sentences for capital murder and any felonies utilized as underlying felonies for the murder. The court noted that the statute was amended in response to the Supreme Court's decision in *Missouri v. Hunter*, 459 U.S. 359 (1983), where it was held that the right to be free from double jeopardy is not offended when a legislature ordains multiple punishments for the same offense. The *Flowers* court reasoned that, although the statute permitted convictions and sentencing for both capital murder and the underlying felony, the legislature had not included *attempted* capital murder in the amendment. Because the legislature had not authorized separate convictions for attempted capital murder and the underlying felony, the court ruled that it was necessary to merge one of the underlying felonies into the conviction for attempted capital murder.

The appellant in this case argues that *Flowers* mandates that his conviction for aggravated robbery must be merged into one of his convictions for attempted capital murder. In response, the State contends that the jury was instructed on three distinct grounds for conviction of attempted capital murder, such that the jury's verdict need not necessarily have rested on the charge of attempted capital murder with aggravated robbery as the underlying offense.

The State is correct that the jury was given alternative theories upon which to convict appellant of attempted capital murder. The jury instruction read:

> Henry Bunch is charged with the offense of attempted Capital Murder. A person commits the offense of Capital Murder if one, a person committed or attempted to commit the crime of aggravated robbery and two, that in the course and in furtherance of that crime or attempt or in immediate flight therefrom he caused the death of another person under circumstances manifesting extreme indifference to the value of human life *or* that he had the premeditated and deliberated purpose of causing a death of a law enforcement officer when such person was acting in the line of duty and with that purpose he caused the death of the victim *or* that with the premedi-

tated and deliberated purpose of causing the death of another person he caused the death of another person.

(Emphasis supplied). Along with this instruction, the jury was given separate verdict forms for each count of attempted capital murder. The jury returned verdicts finding: (1) "We, the Jury, find Henry Bunch guilty of the charge of Attempted Capital Murder involving Jarrod Nelson and/or Nathan Skelton; (2) "We, the Jury, find Henry Bunch guilty of Attempted Capital Murder involving Officer Thomas Reed"; and (3) "We, the Jury, find Henry Bunch guilty of Attempted Capital Murder involving Jarrod Nelson." Based on the jury instruction and the verdict forms, the State asserts that there is nothing in the record to suggest that the jury's verdicts on any of the three counts were based on a finding that the murder attempt occurred during the commission of an aggravated robbery and that, presumably, the jury could have found that appellant acted with the premeditated and deliberate purpose to kill either another person, or a law-enforcement officer.

The State bases its argument on the decision in *Griffin v. United States,* 502 U.S. 46 (1991). A close reading of that case, however, reveals that it is not supportive of the State's position. In *Griffin,* the jury rendered a general verdict of guilty on a multi-object conspiracy charge. The question on appeal was whether there was sufficient evidence to sustain the guilty verdict when there was clearly insufficient evidence to support one of the objects of the conspiracy. The Court held that the general verdict was valid so long as it was legally supportable on any one ground.

In the course of the opinion, the Court discussed its earlier decision in *Stromberg v. California,* 283 U.S. 359 (1931), which appeared to take a contrary view. In *Stromberg,* a general verdict of guilty was entered when the jury was instructed on alternative theories for conviction. One of those theories, however, was deemed unconstitutional. The *Stromberg* Court wrote:

> The verdict against appellant was a general one. It did not specify the ground upon which it rested. As there were three purposes set forth in the statute, and the jury were instructed that their verdict might be given with respect to any one of them, independently considered, it is impossible to say under which clause of the statute the conviction was obtained. If any one of these clauses, which the state court has held to be separable, was invalid, it cannot be determined upon this record that the appellant was not convicted

> under that clause . . . . It follows that instead of its being permissible to hold, with the state court, that the verdict could be sustained if any one of the clauses of the statute were found to be valid, the necessary conclusion from the manner in which the case was sent to the jury is that, if any of the clauses in question is invalid under the Federal Constitution, the conviction cannot be upheld.

*Id.* at 367-68. With respect to *Stromberg,* the Court in *Griffin* stated that "[t]his language, and the holding in *Stromberg,* do not necessarily stand for anything more than the principle that, where a provision of the Constitution forbids conviction on a particular ground, the constitutional guarantee is violated by a general verdict that may have rested on that ground." *Griffin,* 502 U.S. at 53.

Unlike *Griffin,* the case at bar does not concern the sufficiency of the evidence. The error complained of here is rooted in the Constitutional prohibition against double jeopardy. Thus, this case falls within the holding in *Stromberg,* and we are not able to speculate as to whether a certain verdict might have rested on a permissible ground. Based on the supreme court's decision in *Flowers* that double jeopardy precludes a conviction and sentence for both attempted capital murder and its underlying felony, we hold that the aggravated robbery conviction must be merged with one count of attempted capital murder. Our decision on this point renders moot appellant's argument that the trial court erred by failing to instruct the jury as to parole eligibility with regard to aggravated robbery.

Affirmed as modified.

GLADWIN and ROBBINS, JJ., agree.