William Greg SMITH *v.* STATE of Arkansas

CR 06-512                                                242 S.W.3d 253

Supreme Court of Arkansas
Opinion delivered November 2, 2006

[Rehearing denied December 14, 2006.]

No response.

PER CURIAM. A jury found appellant William Greg Smith guilty of engaging children in sexually explicit conduct for use in visual or print medium and sentenced him to 240 months' imprisonment in the Arkansas Department of Correction. This court affirmed the judgment. *Smith v. State*, 363 Ark. 456, 215 S.W.3d 626 (2005). Appellant timely filed in the trial court a petition for postconviction relief under Ark. R. Crim. P. 37.1, which was denied. Appellant has lodged an appeal of that order in this court, and briefs have been filed. Appellant, however, has now filed a motion to dismiss the charge, in essence requesting the same relief requested in his brief, but urging we not remand in order to effect that relief.

In his motion, appellant argues that the statute under which he was charged, Ark. Code Ann. § 5-27-303(a) (2003), includes a required element that the criminal act be for pecuniary profit. This question is the core issue in the only point raised in his appeal, and, as it is clear on the record before us that it is an issue on which he cannot prevail, we dismiss the appeal. This court has consistently held that an appeal of the denial of postconviction relief will not be permitted to go forward where it is clear that the appellant could not prevail. *Booth v. State*, 353 Ark. 119, 110 S.W.3d 759 (2003) (*per curiam*); *Pardue v. State*, 338 Ark. 606, 999 S.W.2d 198 (1999) (*per curiam*); *Seaton v. State*, 324 Ark. 236, 920 S.W.2d 13 (1996) (*per curiam*); *Harris v. State*, 318 Ark. 599, 887 S.W.2d 514 (1994) (*per curiam*); *Reed v. State*, 317 Ark. 286, 878 S.W.2d 376 (1994) (*per curiam*).

In his petition, appellant alleged ineffective assistance of counsel because counsel did not challenge the sufficiency of the State's proof based upon the lack of evidence that the photographs were taken for pecuniary profit. Appellant's argument, in his petition and in his brief, is based upon our holding in *Richardson v. State*, 314 Ark. 512, 863 S.W.2d 572 (1993), that "for pecuniary profit" is a required element of proof under the statute. As the trial court found in its order, the legislature responded to that holding with changes to the applicable law.

Act 1209 of the 1995 Acts of Arkansas, § 1, amended the statute discussed in *Richardson*, Ark. Code Ann. § 5-27-302(3) (1987), which provides the definition of the term "producing" as used in section 5-27-303. With that amendment, section 5-27-302(3) no longer contains any reference to pecuniary profit. Therefore, as a result, the term "producing" in section 5-27-303 no longer includes "for pecuniary profit" as a required element of proof, as it did in *Richardson*.

In this case, the information indicates that the charge against appellant was alleged to have been committed in 2004, well after amendment of the statute. Any challenge by counsel based upon this argument would have failed because proof that producing was for pecuniary profit was not a required element of the charge against appellant. Counsel is not ineffective for failing to make an argument that is meritless, either at trial or on appeal. *Camargo v. State*, 346 Ark. 118, 55 S.W.3d 255 (2001). As it is clear that appellant cannot succeed on his claim, we dismiss the appeal and the motion is moot.

Appeal dismissed; motion moot.