Henry Jay BUNCH *v.* STATE of Arkansas

CR 06-1384                                                257 S.W.3d 533

Supreme Court of Arkansas
Opinion delivered May 24, 2007

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

PER CURIAM. A jury found appellant Henry Jay Bunch guilty of aggravated robbery, three counts of attempted capital murder, felon in possession of a firearm, theft by receiving, possession of methamphetamine, possession of pseudoephedrine with intent to manufacture methamphetamine, and simultaneous possession of drugs and a firearm. Appellant was sentenced to an aggregate term of 1,140 months' imprisonment in the Arkansas Department of Correction. The Arkansas Court of Appeals affirmed the judgment with the modification that the aggravated-robbery charge be merged into one of the attempted-capital-murder charges. *Bunch v. State*, 94 Ark. App. 247, 228 S.W.3d 534 (2006). Appellant timely filed in the trial court a pro se petition for postconviction relief under Ark. R. Crim. P. 37.1, which was denied.

Appellant has brought an appeal of that order in this court, and the State now brings this motion to dismiss. The State alleges that appellant's petition was not verified as required by Rule 37.1(c). Effective March 1, 2006, Rule 37.1 was amended to more clearly require that the petition be verified. That amendment provided the form of the affidavit to be attached to the petition. While appellant's petition was notarized, it did not contain an affidavit or statement substantially in the form of the affidavit required by the Rule. We agree that appellant's petition was deficient. Appellant did later file a motion to amend his petition, which, if sufficient, would have been within the sixty-day period under Ark. R. Crim. P. 37.2(c) for a timely petition. That motion, however, was also not properly verified according to Rule 37.1(c).

Because appellant failed to meet the requirements for postconviction relief under Rule 37.1, the trial court did not err in denying appellant's petition. Although the trial court did not deny the petition based upon its lack of verification, the trial court could not consider the issues in the petition. *See Shaw v. State*, 363 Ark.156, 211 S.W.3d 506 (2005). This court has consistently held that an appeal of the denial of postconviction relief will not be

permitted to go forward where it is clear that the appellant could not prevail. *Pardue v. State*, 338 Ark. 606, 999 S.W.2d 198 (1999) (per curiam); *Seaton v. State*, 324 Ark. 236, 920 S.W.2d 13 (1996) (per curiam); *Harris v. State*, 318 Ark. 599, 887 S.W.2d 514 (1994) (per curiam); *Reed v. State*, 317 Ark. 286, 878 S.W.2d 376 (1994) (per curiam). It is clear here that appellant cannot prevail because the record does not establish that the trial court could consider appellant's petition. Because the petition was not verified as required by Rule 37.1(c), we dismiss the appeal and the State's request for an extension of time in which to file its brief is moot.

Motion to dismiss granted; motion for extension of time moot.