

Cite as 2014 Ark. 115

# SUPREME COURT OF ARKANSAS

No. CR-13-362

| | |
|---|---|
| RONALD DERON GREEN<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** March 13, 2014<br><br>PRO SE MOTION FOR EXTENSION OF TIME TO FILE APPELLANT'S BRIEF [DESHA COUNTY CIRCUIT COURT, NO. 21CR-10-18]<br><br>HONORABLE SAM POPE, JUDGE<br><br><u>APPEAL DISMISSED; MOTION MOOT</u>. |

## PER CURIAM

In 2010, appellant Ronald Deron Green was found guilty by a jury of delivery of cocaine and sentenced to 900 months' imprisonment. The Arkansas Court of Appeals affirmed. *Green v. State*, 2012 Ark. App. 158. It can be intimated from the record that appellant subsequently filed a petition for postconviction relief based on ineffective assistance of counsel during the sentencing phase of the trial and that the trial court granted the petition and vacated appellant's sentence. Subsequently, appellant was resentenced pursuant to a negotiated guilty plea, and a sentence of 420 months' imprisonment was imposed. The sentencing order, filed on November 20, 2012, reflects that appellant received 805 days of jail-time credit.

On April 9, 2013, appellant filed a motion entitled, "Motion for Issuance of Amended Sentence or, in the alternative, Motion to Correct Sentencing Order." In the motion, appellant asserted that, in the November 20, 2012 sentencing order, the trial court erroneously denied him the benefit of 785 days of earned credit for meritorious good time. The trial court denied the motion, finding that appellant was attempting to obtain good-time credit, which was a matter

to be resolved with the Arkansas Department of Correction. Appellant lodged an appeal in this court from that order. Now before us is appellant's motion for extension of time to file his brief-in-chief.

We need not consider the merits of the motion for extension of time because it is clear from the record that appellant could not prevail if an appeal were permitted to go forward. An appeal from an order that denied a petition for postconviction relief will not be allowed to proceed where it is clear that the appellant could not prevail. *Holliday v. State*, 2013 Ark. 47 (per curiam); *Bates v. State*, 2012 Ark. 394 (per curiam); *Martin v. State*, 2012 Ark. 312 (per curiam).

In the motion, appellant asserted that, prior to resentencing, he had earned 785 days of good-time credit for the 805 days that he had been incarcerated, and he contended that he was entitled to an amended or corrected sentencing order giving him the benefit of this earned good-time credit. We have consistently held that, regardless of the label placed on a pleading by appellant, a pleading that mounts a collateral attack on a judgment is governed by the provisions of our postconviction rule, Arkansas Rule of Criminal Procedure 37.1. *Holliday*, 2013 Ark. 47; *see* Ark. R. Crim. P. 37.2(b) (2012) ("All grounds for post-conviction relief from a sentence imposed by a circuit court, including claims that a sentence is illegal or was illegally imposed, must be raised in a petition under this rule.").

As recognized by the trial court, appellant's request for relief was directed toward the calculation of his accrual of meritorious good time. Meritorious good time does not actually reduce the length of a sentence; instead, meritorious good-time credit is applied to an inmate's

2

transfer-eligibility date.[1]  *Gardner v. Hobbs*, 2013 Ark. 439 (per curiam); Ark. Code Ann. § 12-29-201 (Repl. 1995).  The determination of parole eligibility is solely within the province of the Arkansas Department of Correction.  *Pitts v. Hobbs*, 2013 Ark. 457 (per curiam).

In any event, to the extent that appellant's claim can be construed as one for modification of his sentence and thereby fall within the purview of Rule 37.1, the motion was untimely pursuant to the provisions of the Rule.  Pursuant to Rule 37.2, when an appellant enters a plea of guilty, a petition must be filed within ninety days of the date that the judgment was entered of record.  Ark. R. Crim. P. 37.2(c)(i).  The time limitations imposed in Rule 37.2(c) are jurisdictional in nature, and, if they are not met, the trial court lacks jurisdiction to grant postconviction relief.  *Stanley v. State*, 2013 Ark. 483 (per curiam); *Talley v. State*, 2012 Ark. 314 (per curiam).  The motion before the trial court was not timely filed; thus, the trial court had no jurisdiction to grant the relief sought.  Where the trial court lacks jurisdiction, the appellate court also lacks jurisdiction.  *Holliday*, 2013 Ark. 47; *Winnett v. State*, 2012 Ark. 404 (per curiam).

Appeal dismissed; motion moot.

*Ronald Deron Green*, pro se appellant.

No response.

---

[1]Appellant did not seek additional jail-time credit based on time served, which we have held is a request for modification of sentence imposed in an illegal manner and can be raised in a proceeding pursuant to Arkansas Rule of Criminal Procedure 37.1. *See Pineda v. Norris*, 2009 Ark. 471 (per curiam).

SLIP OPINION