SLIP OPINION

# SUPREME COURT OF ARKANSAS

### No. CR-14-477

|  |  |  |
|---|---|---|
| JIMMY LEE FROST | | **Opinion Delivered** September 4, 2014 |
| | APPELLANT | PRO SE APPELLANT'S MOTIONS FOR EXTENSION OF TIME TO FILE BRIEF-IN-CHIEF AND REPLY BRIEF [DREW COUNTY CIRCUIT COURT, NO. 22CR-07-219] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE SAM POPE, JUDGE |
| | APPELLEE | |
| | | APPEAL DISMISSED; MOTIONS MOOT. |

## PER CURIAM

In 2008, appellant Jimmy Lee Frost was found guilty by a jury of attempted first-degree murder, committing a terroristic act, and being a felon in possession of a firearm. He was sentenced as a habitual offender to an aggregate term of 276 months' imprisonment. The Arkansas Court of Appeals affirmed. *Frost v. State*, 2010 Ark. App. 163.

Subsequently, appellant timely filed in the trial court a pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2008). The petition was denied, and this court affirmed the order. *Frost v. State*, 2010 Ark. 440 (per curiam).

On March 20, 2014, appellant filed in the trial court a pro se "Motion for Nunc Pro Tunc Order." In the motion, he asked the trial court to enter a new judgment-and-commitment order.[1] The trial court denied the motion, finding that the judgment-and-commitment order

---

[1]The motion asking for a new judgment-and-commitment order set out the sentence as it was imposed in the judgment, but it did not state what modification of that sentence was

SLIP OPINION

already reflected the exact sentence that appellant's motion sought to have imposed. Appellant lodged an appeal from the order in this court and then filed the motions for extensions of time to file the appellant's brief-in-chief and his reply brief that are now before us.

Even though appellant ultimately filed his briefs in a timely manner, rendering the motions moot, the appeal is dismissed as it is clear from the record that appellant could not prevail if the appeal were allowed to go forward. The motion for nunc pro tunc order filed by appellant was a request for postconviction relief, and this court has consistently held that an appeal from the denial of postconviction relief will not be allowed to proceed when it is evident that the appellant could not succeed on appeal. *Robinson v. State*, 2014 Ark. 289 (per curiam); *Johnson v. State*, 362 Ark. 453, 208 S.W.3d 783 (2005) (per curiam).

First, if the motion for a nunc pro tunc order was simply a request that the trial court modify the sentence, a trial court is without jurisdiction to modify, amend, or revise a valid sentence once it has been put into execution. *Moore v. State*, 2014 Ark. 231 (per curiam) (citing *Denson v. State*, 2013 Ark. 209 (per curiam)); *Carter v. State*, 2010 Ark. 349 (per curiam). The sentence in appellant's case was put into execution when the trial court issued the sentencing order in 2008. *See Denson*, 2013 Ark. 209. Appellant stated no basis on which the trial court was empowered to modify the sentence in 2014.

Secondly, to the extent that appellant's motion was intended to be a collateral attack on the judgment entered in the case for modification of the sentence imposed, it amounted to an untimely petition for postconviction relief. *See Green v. State*, 2014 Ark. 115 (per curiam). We have

desired.

2

held that, regardless of the label placed on a pleading by the petitioner, a pleading that mounts a collateral attack on a judgment is governed by the provisions of our postconviction rule, Arkansas Rule of Criminal Procedure 37.1. *Green*, 2014 Ark. 115; *Holliday v. State*, 2013 Ark. 47 (per curiam); *see* Ark. R. Crim. P. 37.2(b) (2013) ("All grounds for postconviction relief from a sentence imposed by a circuit court, including claims that a sentence is illegal or was illegally imposed, must be raised in a petition under this rule."). As a petition under the Rule, the motion for nunc pro tunc order was not filed within the time limits set by the Rule.

If a direct appeal is taken from a judgment of conviction and the judgment is affirmed on appeal, a Rule 37.1 petition must be filed within sixty days of the date the mandate was issued by the appellate court. Ark. R. Crim. P. 37.2(c); *Young v. State*, 2013 Ark. 513 (per curiam). Time limitations imposed in Rule 37.2(c) are jurisdictional in nature, and if they are not met, a trial court lacks jurisdiction to consider the merits of a Rule 37.1 petition. *Sims v. State*, 2011 Ark. 135 (per curiam).

Appellant filed his motion approximately four years after the mandate issued in his case. As such, the trial court could have dismissed it for lack of jurisdiction. *Sims*, 2011 Ark. 135. Where the circuit court lacks jurisdiction, the appellate court also lacks jurisdiction. *Id.*; *see also Clark v. State*, 362 Ark. 545, 210 S.W.3d 59 (2005) (citing *Priest v. Polk*, 322 Ark. 673, 912 S.W.2d 902 (1995)).

Appeal dismissed; motions moot.

*Jimmy Lee Frost*, pro se appellant.

No response.