Jerry HAYES *v.* STATE of Arkansas

CR 96-1363                                    940 S.W.2d 886

Supreme Court of Arkansas
Opinion delivered April 7, 1997

*Pro Se* Motion for Belated Appeal; dismissed.

Petitioner, *pro se.*

No response.

PER CURIAM. In 1992, Jerry Hayes was found guilty by a jury of murder in the first degree and sentenced to life imprisonment. We affirmed. *Hayes v. State*, 312 Ark. 349, 849 S.W.2d 501 (1993). Mr. Hayes subsequently filed in the trial court a *pro se* petition for postconviction relief. The trial court denied the petition in an order entered April 11, 1995. No appeal was taken.

On September 20, 1996, Mr. Hayes tendered to this court a *pro se* motion for belated appeal of the order. The motion could not be filed at that time because Hayes failed to tender with the motion a partial record of the lower court proceedings which included a certified copy of the order from which he desired to appeal. On November 18, 1996, the certified partial record was received from Hayes and the motion was filed.

Before any examination of the merits of the motion for belated appeal can be undertaken, it must be determined whether the motion was timely filed. We conclude that it was not, and dismiss the motion.

Belated appeals in criminal cases are governed by Rule 2(2) of the Rules of Appellate Procedure—Criminal. The rule provides in pertinent part that "no motion for belated appeal shall be entertained by the Supreme Court unless application has been made to the Supreme Court within eighteen (18) months of the date of entry of. . .the order denying postconviction relief. . . ." When petitioner Hayes tendered the motion for belated appeal in September 1996, seventeen months after the order was entered, he was promptly informed of the need to provide a certified copy of the order so that the motion could be filed. He did not provide the certified copy until November 18, 1996, which was approximately nineteen months after the order was entered.

It is incumbent on a petitioner to file the motion for belated appeal in a timely manner. The petitioner here did not act with diligence and thus waived his right to appeal from the order.

*See Shuffield v. State*, 292 Ark. 185, 187, 729 S.W.2d 11, 12 (1987).

Motion dismissed.