## Alisa D. EFURD *v.* STATE of Arkansas

CR 03-140 101 S.W.3d 800

Supreme Court of Arkansas
Opinion delivered April 3, 2003

*J.F. Atkinson, Jr.,* for appellant.

No response.

**P**ER CURIAM. Attorney J. F. Atkinson, Jr., counsel for appellant Alisa Danieal Efurd, who was convicted of first-degree murder by a jury in Sebastian County Circuit Court and was sentenced to twenty-five years in the Arkansas Department of Correction, appeared before this court on March 20, 2003, to show cause why he should not be held in contempt for failing to timely perfect the appeal.

During the hearing conducted on March 20, 2003, we accepted Mr. Atkinson's guilty plea for failing to timely perfect his client's appeal. Mr. Atkinson has taken responsibility for his failure to timely perfect the appeal, and submitted statements in mitigation of his actions when making his plea.

The facts are that on February 23, 1999, the Arkansas Court of Appeals issued a mandate affirming Efurd's conviction; and, on March 19, 1999, Efurd filed a timely *pro se* Rule 37 petition, petition to proceed *informa pauperis*, and a motion for appointment of counsel. On April 9, 1999, the trial court issued an order to appoint J. F. Atkinson, Jr., to represent Efurd in her Rule 37 proceeding; and, on April 12, 1999, the trial court sent a notice to

counsel stating, "Please find an order appointing you (Jeff Atkinson) to represent Ms. Efurd in her Rule 37 Petition. No hearing has been scheduled as of this date." On August 31, 1999, Efurd's Rule 37 petition was summarily denied without making written findings specifying the parts of the files and records relied upon in denying the petition.

On September 9, 1999, the trial court entered an order awarding attorney fees to J. F. Atkinson, Jr. Efurd notified Atkinson of her desire to appeal; and, on November 10, 1999, Atkinson filed Efurd's notice of appeal and designation of record. The court reporter filed the transcript with the Sebastian County Circuit Court Clerk and tendered to counsel the transcript on or about February 10, 2000.

Atkinson thereafter failed to timely file the transcript with the clerk of this court, due to the file and transcript sitting therein, having been misfiled or lost and forgotten about according to Atkinson. Atkinson asserts that while searching for another file which was misfiled, Atkinson came across Efurd's file. Then, on February 7, 2003, Atkinson filed a motion to file belated appeal and rule on the clerk.

Based on the foregoing, we accept Mr. Atkinson's guilty plea for failing to timely perfect his client's appeal, and we fine him $500.00. However, the motion to file a belated appeal is denied.

 Belated appeals in criminal cases are governed by Rule 2(2) of the Rules of Appellate Procedure—Criminal. The rule provides in pertinent part that "no motion for belated appeal shall be entertained by the Supreme Court unless application has been made to the Supreme Court within eighteen (18) months of the date of entry of . . . the order denying postconviction relief . . . ." Atkinson tendered Efurd's motion for belated appeal in February 2003, some three years after the order was entered, and three years after he filed a notice of appeal. It is incumbent to file the motion for belated appeal in a timely manner. *Hayes v. State*, 328 Ark. 95, 940 S.W.2d 886 (1997). Here, Atkinson did not act with diligence and thus waived the right to appeal from the order. A copy of this opinion will be forwarded to the Committee on Professional Conduct.

Motion dismissed.

BROWN and HANNAH, JJ., dissent.

ROBERT L. BROWN, Justice, dissenting. What bothers me about denying Ms. Efurd's *pro se* motion for belated appeal as well as her counsel's motion is that her Rule 37 appeal has been thwarted by ineffective counsel. The operative times are these:

- February 23, 1999 — Mandate issued affirming Ms. Efurd's first-degree murder conviction.

- August 31, 1999 — Her Rule 37 petition was denied.

- September 27, 1999 — She filed a petition for reconsideration which was denied on October 4, 1999.

- October 14, 1999 — She filed a petition to amend her reconsideration motion which was denied on October 22, 1999.

- November 10, 1999 — Ms. Efurd's counsel filed her notice of appeal.

- December 12, 2002 — She filed her motion for belated appeal *pro se.*

- February 7, 2003 — Ms. Efurd's counsel filed a Motion for Belated Appeal and Rule on Clerk.

During 1999, Ms. Efurd had counsel. After filing an untimely notice of appeal, her counsel did nothing more until February 7, 2003. He then filed a motion for belated appeal and rule on clerk. However, this was only *after* Ms. Efurd filed her *pro se* motion for belated appeal almost two months earlier.

The majority denies her motion for belated appeal because our Criminal Appellate Rules state that "no motion for belated appeal shall be entertained by the Supreme Court unless application has been made to the Supreme Court within eighteen (18) months of the date of entry . . . of the order denying postconviction relief[.]" Ark. R. App. P.—Crim. 2(e). Here, Ms. Efurd, understandably, believed her notice of appeal was timely and on track. As it happens, the notice was not timely because petitions for reconsideration do not extend the time for filing an appeal from an order denying postconviction relief. *See* Ark. R. Crim. P. 37.2(d). In short, her appeal has been sandbagged by ineffective counsel.

Under these facts, I do not believe our 18-month rule should be read so strictly as to deny due process to Ms. Efurd. The only reason her appeal was not timely filed was due to ineffective counsel.

In a similar situation, the Florida Supreme Court entertained an appeal where the defendant wanted to appeal the denial of his postconviction motion but was not properly advised by counsel about how to do so. *See Williams v. State*, 777 So. 2d 947 (Fla. 2000). The court noted that the proper remedy for the defendant now was to petition for a writ of *habeas corpus*. The court further observed the need to amend its rule to permit certain belated appeals from denials of postconviction relief. The relevant rule was amended and now permits a belated appeal from the denial of postconviction relief "upon the allegation that the petitioner timely requested counsel to appeal the order denying petitioner's motion for postconviction relief and counsel, through neglect, failed to do so." Fla. R. Crim. P. 3.850(g). A second Florida rule, Fla. R. App. P. 9.141(c)(4), was also added. That rule limits the time period in which a defendant may seek a belated appeal to two years after the expiration of time for filing the notice of appeal from a final order, but it contains an exception:

> (4) *Time Limits.*
>
> (A) A petition for belated appeal shall not be filed more than 2 years after the expiration of time for filing the notice of appeal from a final order, unless it alleges under oath with a specific factual basis that the petitioner
>
> (i) was unaware an appeal had not been timely filed or was not advised of the right to an appeal; and
>
> (ii) should not have ascertained such facts by the exercise of reasonable diligence.

I agree with the sanction against Mr. Atkinson, but I would read into our rules a comparable exception and afford Ms. Efurd a belated appeal. For these reasons, I respectfully dissent.

HANNAH, J., joins.