Joe Lee BENNETT *v.* STATE of Arkansas

CR 05-439 208 S.W.3d 775

Supreme Court of Arkansas
Opinion delivered May 19, 2005

*John F. Gibson*, for appellant.

No response.

PER CURIAM. Appellant Joe Lee Bennett, by and through his attorney, John F. Gibson Jr., has filed a motion for belated appeal and rule on clerk from his convictions for possession of methamphetamine and resisting arrest.

Appellant was convicted following a jury trial held on May 29-30, 2003. The judgment and commitment order was entered on July 21, 2003. Counsel for Appellant prepared the notice of appeal, but later realized that he never filed it. Appellant then filed an untimely notice of appeal with the Drew County Circuit Clerk on February 11, 2004. No further action was taken in this matter until Appellant attempted to lodge the record with the clerk of this court on February 10, 2005. According to his motion, counsel for Appellant was unable to obtain a record of the proceedings until February 8, 2005. No explanation is given as to why the record could not be obtained more expeditiously. The clerk refused to lodge the record because Appellant had not filed a timely notice of appeal. Thereafter, on April 22, 2005, Appellant filed the present motion for belated appeal and rule on clerk.

In the motion now before us, Mr. Gibson states that he has previously accepted responsibility for failing to timely perfect the

appeal. He referred himself to this court's Committee on Professional Conduct, and in an order dated October 18, 2004, the Committee found him guilty of violating several of the Model Rules of Professional Conduct in connection with this case. The Committee reprimanded Mr. Gibson and ordered him to pay a fine in the amount of $1,500 and costs of $50. Despite the fact that Mr. Gibson accepted responsibility for failing to timely pursue this appeal, we must deny the motion.

 Belated appeals in criminal cases are governed by Rule 2(e) of the Rules of Appellate Procedure–Criminal. The rule provides in pertinent part that "no motion for belated appeal shall be entertained by the Supreme Court unless application has been made to the Supreme Court within eighteen (18) months of the date of entry of judgment[.]" Mr. Gibson tendered Appellant's motion for belated appeal in April 2005, some twenty-one months after judgment was entered. It is incumbent to file the motion for belated appeal in a timely manner. *Efurd v. State*, 352 Ark. 476, 101 S.W.3d 800 (2003). Here, Mr. Gibson did not act with diligence and thus waived Appellant's right to appeal from the order.

Denied.

BROWN, J., dissents.

ROBERT L. BROWN, Justice, dissenting. In accordance with my dissent in *Efurd v. State*, 352 Ark. 476, 101 S.W.3d 800 (2003) (*per curiam*), I do not believe that the 18-month rule set forth in Rule 2(e) of the Rules of Appellate Procedure–Criminal should be strictly adhered to at all times. Strict adherence to the 18-month rule is inappropriate in circumstances where a criminal defendant will be denied due process because his council was ineffective and failed to file a timely appeal. We allow belated appeals and late records when an attorney is at fault. *See In Re Belated Appeals in Criminal Cases,* 265 Ark. 964 (1979) (per curiam). The same should hold true under these facts. Today's decision means Bennett will be denied his right to appeal because of counsel error. Accordingly, I would grant the motion for belated appeal and rule on clerk in order to prevent Mr. Bennett's substantive due-process rights from being violated.