Marcus D. YOUNG *v.* STATE of Arkansas

CR 07-628                                              283 S.W.3d 188

Supreme Court of Arkansas
Opinion delivered April 17, 2008

*William M. Howard, Jr.*, for appellant.

No response.

PER CURIAM. In 2004, appellant Marcus D. Young entered a guilty plea to a charge of committing a terroristic act. A jury sentenced him to 240 months' imprisonment in the Arkansas Department of Correction. Appellant appealed as to evidence presented to the jury, and the Arkansas Court of Appeals affirmed. *Young v. State*, CACR 04-925 (Ark. Ct. App. Apr. 13, 2005).

Appellant, through counsel, filed a petition for relief under Arkansas Rule of Criminal Procedure 37.1 and two amended petitions, which were denied by the trial court for lack of verification. This court reversed and remanded for the trial court to consider the original petition because it was properly verified. *Young v. State*, CR 06-587 (Ark. Feb. 15, 2007) (per curiam). On April 3, 2007, the trial court entered an order that again denied appellant relief under Rule 37.1. On May 1, 2007, appellant filed a motion for reconsideration in the trial court, and, on June 6, 2007, he filed a notice of appeal as to the denial of the motion for reconsideration. Appellant has lodged an appeal in this court, and the State now brings this motion to dismiss the appeal.

The State alleges in its motion that the notice of appeal was not timely. First, the State alleges that the motion to reconsider was a motion for rehearing prohibited under Arkansas Rule of Criminal Procedure 37.2(d) and asserts that the notice of appeal was not timely as to the order denying postconviction relief. Under Arkansas Rule of Appellate Procedure–Criminal 2(a)(4), a notice of appeal as to an order that was entered denying postconviction relief must be filed within thirty days of the date of the order. Next, the State contends that the notice of appeal was also not effective as to a denial of the motion to reconsider because the deemed denied provisions of our rules of procedure do not apply to proceedings on a Rule 37.1 petition.

We need not consider whether the notice of appeal was effective as to the order denying the Rule 37.1 petition

because the notice of appeal only referenced the denial of the motion for reconsideration. The record does not contain any other notice of appeal.

Nor does the record contain an order that denies the motion to reconsider. Whether the motion was permissible or not, the deemed denied appellate rule does not apply to appeals in proceedings on a Rule 37.1 petition. *Morgan v. State*, 360 Ark. 264, 200 S.W.3d 890 (2005) (per curiam). Our clerk accepted the record in error because there was no denial of the motion for reconsideration. Accordingly, we grant the motion to dismiss.

Motion granted; appeal dismissed.