375 Ark. 366

**Marcus D. YOUNG, Appellant,**

v.

**STATE of Arkansas, Appellee.**

No. CR 07–628.

Supreme Court of Arkansas.

Jan. 15, 2009.

---

1. Appellant's motion is captioned as one for rule on clerk, but we will treat it as a motion for belated brief.

William M. Howard, Jr., for appellant.

No response.

PER CURIAM.

Appellant Marcus D. Young, by and through his attorney, William M. Howard, Jr., has filed a motion for rule on clerk. In 2004, Appellant pled guilty to the charge of committing a terroristic act and was sentenced to 240 months' imprisonment in the Arkansas Department of Correction. The Arkansas Court of Appeals affirmed the trial court's final order on April 13, 2005, *Young v. State*, CACR 04–925, 2005 WL 846098 (Ark.Ct.App. Apr. 13, 2005), and Appellant subsequently filed a petition for relief under Arkansas Rule of Criminal Procedure 37.1. On April 3, 2007, the trial court entered an order denying Appellant relief under Rule 37.1. Appellant filed a motion for reconsideration on May 1, 2007, and on June 6, 2007, he filed a notice of appeal as to the denial of the motion for reconsideration. Upon motion of the State of Arkansas, this court dismissed Appellant's appeal on April 17, 2008, on the grounds that Appellant's no-tice of appeal was not timely perfected, as it did not properly reference the trial court's order denying relief under Rule 37.1. *Young v. State*, 373 Ark. 264, 283 S.W.3d 188 (2008) (per curiam).

On December 19, 2008, Appellant filed this motion for rule on clerk, in which Appellant's counsel explains that he erroneously believed that the time to file a notice of appeal was tolled when he filed a motion to reconsider the trial court's order denying Appellant's Rule 37 petition. Mr. Howard acknowledges that the appeal was not timely perfected due to an error on his part.

We must first note that Mr. Howard has improperly filed a motion for rule on clerk where he should have filed a motion for belated appeal. *See McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). Where a motion for rule on clerk is filed in error, it will be treated as a motion for belated appeal. *Id.* Belated appeals in criminal cases are governed by Rule 2(e) of the Arkansas Rules of Appellate Procedure–Criminal. *Bennett v. State*, 362 Ark. 411, 208 S.W.3d 775 (2005). The rule provides in pertinent part:

The Supreme Court may act upon and decide a case in which the notice of appeal was not given or the transcript of the trial record was not filed in the time prescribed, when a good reason for the omission is shown by affidavit. However, no motion for belated appeal shall be entertained by the Supreme Court unless application has been made to the Supreme Court within eighteen (18) months of the date of entry of judgment or entry of the order denying postconviction relief from which the appeal is taken.

Ark. R.App. P.-Crim. 2(e).

Here, the trial court entered its order denying Appellant postconviction re-

lief on April 3, 2007. After failing to timely perfect an appeal, Appellant's appeal in this case was dismissed. Mr. Howard filed this motion for rule on clerk on December 19, 2008, over twenty months after judgment was entered. Due to Mr. Howard's failure to satisfy the eighteen-month rule set forth in Rule 2(e), Appellant's appeal from the April 3, 2007 order can not be entertained by this court. This court must, therefore, deny Appellant's motion. A copy of this opinion will be forwarded to the Committee on Professional Conduct.

Motion to file belated appeal denied.