simple but complete statement of the reasons for such recommendation." *Id.* at 266, 900 S.W.2d at 207 (quoting Ark.Code Ann. § 6–17–1506(b) (Supp.1991)). However, in 1999, the General Assembly amended section 6–17–1506, deleting the "simple but complete" language and substituting "setting forth the reasons in separately numbered paragraphs so that a reasonable teacher can prepare a defense." Act 852 of 1999, § 1.

2009 Ark. 82

**K.L., a Minor, Appellant,**

v.

**STATE of Arkansas, Appellee.**

No. 09–86.

Supreme Court of Arkansas.

Feb. 19, 2009.

Sara M. Hartness, Monticello, for appellant.

No response.

## MOTION FOR RULE ON CLERK

PER CURIAM.

K.L., a minor, by his attorney, Sara M. Hartness, has filed a motion for rule on clerk. K.L. was initially convicted of sexual indecency with a child in the Juvenile Court of Desha County. The juvenile court entered an order of adjudication or disposition on August 15, 2008, and on September 12, 2008, a second order of adjudication and disposition was filed, changing the conviction to rape. K.L. filed his first notice of appeal from the original order on September 17, 2008, filed an amended notice of appeal on September 22, 2008, and tendered his record to this court's clerk on January 14, 2009.

Arkansas Rule of Appellate Procedure– Civil 4(a) (2008) provides that a notice of appeal shall be filed within thirty days from the entry of the order being appealed. Here, K.L.'s initial notice of appeal was not timely filed, as it was due to be filed no later than September 15, 2008. Because K.L.'s first notice of appeal was untimely, we treat the instant motion as one for belated appeal, and we grant the motion. *See, e.g., Young v. State,* 375 Ark. 366, 290 S.W.3d 605 (2009).

This court clarified its treatment of motions for rule on clerk and motions for belated appeals in *McDonald v. State,* 356 Ark. 106, 146 S.W.3d 883 (2004). There we said:

Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

356 Ark. at 116, 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he or she has erred and is responsible for the failure to perfect the appeal. *See id.* When it is plain from the motion, affidavits, and record that relief is proper under either rule based on error or good reason, the relief will be granted. *See id.* If there is attorney error, a copy of the opinion will be forwarded to the Committee on Professional Conduct. *See id.*

It is plain from K.L.'s motion that there was error on Ms. Hartness's part. Pursuant to *McDonald v. State, supra,* we grant K.L.'s motion for belated appeal and forward a copy of this opinion to the Committee on Professional Conduct.

Motion for belated appeal granted.