SLIP OPINION



Cite as 2014 Ark. 354

# SUPREME COURT OF ARKANSAS

No. CR-14-586

| | |
|---|---|
| MICHAEL GUNDERMAN<br><br>                    PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br>                    RESPONDENT | **Opinion Delivered** September 4, 2014<br><br>PRO SE MOTION FOR BELATED APPEAL OF JUDGMENT ENTERED ON REVOCATION OF PROBATION [POPE COUNTY CIRCUIT COURT, NO. 57CR-11-490]<br><br>HONORABLE WILLIAM M. PEARSON, JUDGE<br><br><u>MOTION DISMISSED</u>. |

## PER CURIAM

In 2012, petitioner Michael Gunderman was found guilty of sexual assault in the second degree and placed on probation. On December 10, 2012, a sentencing order was entered reflecting that probation had been revoked, and petitioner was sentenced to thirty-six months' imprisonment. No appeal was taken from the judgment, and petitioner, proceeding pro se, now seeks leave to proceed with a belated appeal of the 2012 sentencing order.

Belated appeals in criminal cases are governed by Rule 2(e) of the Arkansas Rules of Appellate Procedure—Criminal (2013). The Rule provides in pertinent part that "no motion for belated appeal shall be entertained by the Supreme Court unless application has been made to the Supreme Court within eighteen (18) months of the date of entry of judgment." Petitioner first tendered the motion for belated appeal here on June 9, 2014, but he did not tender the

certified partial record necessary to file the motion until July 2, 2014. The eighteen-month period to file a motion for belated appeal in the instant case elapsed on June 10, 2014. Accordingly, petitioner did not meet his burden of filing a timely motion under the Rule.

This court has consistently held that no motion for belated appeal will be considered unless application is made within the eighteen-month period allowed by the Rule. *Runion v. State*, 2011 Ark. 131 (per curiam). The tender of a motion without the certified record necessary to file it does not equate with the filing of the motion. *Hayes v. State*, 328 Ark. 95, 940 S.W.2d 886 (1997) (per curiam) (The motion for belated appeal was dismissed because the motion was tendered within eighteen months of the judgment but could not be filed until the certified record was also tendered, which was outside the eighteen-month period.).

It is incumbent on a petitioner to file a motion for belated appeal in a timely manner inasmuch as an untimely motion for belated appeal is subject to dismissal. *Gentry v. State*, 2010 Ark. 18 (per curiam); *Douglas v. State*, 2009 Ark. 468 (per curiam); *see also Croston v. State*, 2012 Ark. 183 (per curiam); *Bennett v. State*, 362 Ark. 411, 208 S.W.3d 775 (2005). As petitioner failed to file the motion within the period allowed by Rule 2(e), the motion is dismissed.

Motion dismissed.

*Michael Gunderman*, pro se petitioner.

No response.