SLIP OPINION

Cite as 2017 Ark. 160

# SUPREME COURT OF ARKANSAS.
**No.** CR–17–146

| | |
|---|---|
| CHRISTOPHER ALLAN EASON, SR.<br>PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br>RESPONDENT | **Opinion Delivered** April 27, 2017<br><br>PRO SE MOTIONS FOR BELATED APPEAL OF SENTENCING ORDER AND FOR APPOINTMENT OF COUNSEL [CLARK COUNTY CIRCUIT COURT, NO. 10CR-11-78]<br><br>HONORABLE ROBERT E. MCCALLUM, JUDGE<br><br>MOTION FOR BELATED APPEAL DISMISSED; MOTION FOR APPOINTMENT OF COUNSEL MOOT. |

### PER CURIAM

On February 24, 2014, judgment was entered reflecting that petitioner Christopher Allan Eason, Sr. had been found guilty by a jury of nine counts of first-degree battery and sentenced to 3240 months' imprisonment. An amended sentencing order was entered on February 27, 2014, reflecting the same sentence. No appeal was taken, and Eason, proceeding pro se, now seeks leave to proceed with a belated appeal. He also asks that counsel be appointed to represent him on appeal. The motion for belated appeal was filed here approximately thirty-six months after the amended sentencing order was entered.

Belated appeals in criminal cases are governed by Rule 2(e) of the Arkansas Rules of Appellate Procedure—Criminal (2016). The Rule provides, in pertinent, part that "no motion for belated appeal shall be entertained by the Supreme Court unless application has been made to the Supreme Court within eighteen (18) months of the date of entry of

SLIP OPINION

judgment." Eason first tendered the motion for belated appeal here on September 8, 2015, but he did not tender the certified partial record necessary to file the motion until February 23, 2017. The eighteen-month period to file a motion for belated appeal in the case ended on August 27, 2015. Accordingly, Eason did not meet his burden of filing a timely motion under the Rule.

This court has consistently held that no motion for belated appeal will be considered unless application is made within the eighteen-month period allowed by the Rule. *Gunderman v. State*, 2014 Ark. 354 (per curiam); *Runion v. State*, 2011 Ark. 131 (per curiam). Eason tendered his motion outside the eighteen-month period, but, even if he had tendered the motion within that period, the tendering of a motion without the certified record necessary to file it does not equate with the filing of the motion. *Hayes v. State*, 328 Ark. 95, 940 S.W.2d 886 (1997) (per curiam) (The motion for belated appeal was dismissed because the motion was tendered within eighteen months of the judgment but could not be filed until the certified record was also tendered, which was outside the eighteen-month period.).

It is incumbent on a petitioner to file a motion for belated appeal in a timely manner because an untimely motion for belated appeal is subject to dismissal. *Gentry v. State*, 2010 Ark. 18 (per curiam); *Douglas v. State*, 2009 Ark. 468 (per curiam); *see also Croston v. State*, 2012 Ark. 183 (per curiam); *Bennett v. State*, 362 Ark. 411, 208 S.W.3d 775 (2005) (per curiam). As Eason failed to file the motion within the period allowed by Rule 2(e), the motion is dismissed. The motion for appointment of counsel is moot.

Motion for belated appeal dismissed; motion for appointment of counsel moot.